UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**ROBBIE M. CARTER**                                                                                   **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.1:06CV271 LTS-RHW**

**METROPOLITAN CASUALTY INSURANCE COMPANY
and ECONOMY PREMIER ASSURANCE COMPANY
and HANCOCK INSURANCE AGENCY**                          **DEFENDANTS**


### MEMORANDUM OPINION

The Court has before it Plaintiff Robbie M. Carter's (Carter) motion to remand. For the reasons set out below, this motion will be granted.

This is an action for property damage sustained during Hurricane Katrina. Plaintiff is the named insured under a homeowners policy issued by Defendant Metropolitan Casualty Insurance Company (Metropolitan). Plaintiff purchased this policy through Defendant Hancock Insurance Agency (Hancock).

Both Plaintiff and Hancock are citizens of Mississippi for purposes of ascertaining this Court's subject matter jurisdiction. If Hancock has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

During Hurricane Katrina, Carter's property sustained damage from the storm surge flooding that occurred during the storm. Metropolitan denied coverage for these losses on the grounds that they are excluded losses under the Metropolitan homeowners policy. This action ensued.

The state court complaint alleges several causes of action, only one of which is important to the issue of whether this case should be remanded, the cause of action alleged against Hancock. Carter's claim against Hancock is set out in Paragraphs 58 through 68 of the complaint. This section of the complaint is entitled "COUNT SIX-AGENCY LIABILITY." The terms of this complaint are notable for two reasons: first, there is no allegation that Hancock gave the plaintiff any advice which dissuaded her from purchasing flood insurance; and second there is no allegation that Hancock made any misrepresentation concerning the scope of coverage provided by the Metropolitan policy. Plaintiff's theory of recovery against Hancock is expressed in terms of simple

negligence.  Plaintiff alleges that she was not knowledgeable concerning matters of insurance. (Complaint Paragraph 58) Plaintiff alleges that she trusted Defendant Hancock to properly advise her concerning matters of insurance. (Complaint Paragraph 58) Plaintiff alleges that Hancock knew or should have known that she was relying on the agency to give her sound advice concerning her insurance needs. (Complaint Paragraph 59) Plaintiff alleges that Hancock had a duty to "completely and properly advise the Plaintiff in regard to the insurance coverage for her residence, real property, and personal property." (Complaint Paragraph 59) Plaintiff alleges that Hancock failed to properly inform her of the scope of coverage under the Metropolitan policy, an allegation I understand to mean that Hancock allegedly did not explain to the plaintiff that storm surge flooding during a hurricane would not be covered under the Metropolitan policy. (Complaint Paragraphs 60 through 62)

Metropolitan has removed this action on grounds of diversity of citizenship, alleging that Carter has fraudulently joined Hancock in order to defeat diversity jurisdiction.  This is an issue on which Metropolitan has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Metropolitan's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Allegations of the Complaint

Plaintiff has alleged that she was not knowledgeable concerning matters of insurance coverages.  A fair reading of paragraph 58 of the complaint indicates that plaintiff regarded Hancock's representatives as experts in the field of insurance with knowledge superior to hers.  This paragraph of the complaint alleges that plaintiff relied upon Hancock's representatives to advise her concerning her insurance needs.  In paragraph 59 of the complaint, Plaintiff alleges that Hancock's representatives knew or should have known that she was relying upon them for advice.  Accepting these allegations as true, as the Court must at this juncture, there is a fair implication that the circumstance existing at the time Plaintiff purchased her insurance coverage were such that Hancock's representatives should have at least alerted Plaintiff to two facts: that her homeowners policy did not cover water damage that might occur during a hurricane and that flood insurance was available to cover this loss at a specified price. Depending on the circumstances established by the evidence at trial, Plaintiff may show that Hancock's representatives should have recommended this additional coverage.

Standard of Care Applicable to Insurance Agents

     Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

     In any case in which negligence is alleged, liability may turn on subtle issues of fact.  In the case of an insurance agent, the applicable standard of care may vary depending on how knowledgeable the customer may be, the risks the customer may be seeking to insure against, whether the agent may be aware of risks the customer may not know, the established terms of the relationship between the agent and the customer (the degree to which the customer relies upon the agent for advice and the agent's knowledge of the customer's particular needs), and other variables.  There is very little authority in Mississippi's jurisprudence concerning the scope of an insurance agent's responsibility to alert his customers to risks that he knows or should know the customer is seeking to insure against in light of the agent's knowledge of the risks actually covered by the policies he is selling.  Given this uncertainty in the law applicable to insurance agents, I cannot say, as a matter of law, that Carter's allegations fail to state a viable theory of recovery against Hancock.  Too much depends on the particulars of the transaction between Carter and Hancock's representatives.  At this point, Carter is entitled to the benefit of all doubts of substantive law, including the question of whether her allegations against Carter could rise to the level of actionable negligence.

     Of course, the truth of Carter's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; the question of what the Hancock representatives knew or should have known, and the reasons Carter ended up with the coverage she had at the time of Hurricane Katrina, are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and after consideration of the evidence offered by the defense.  Likewise, the standard of care that applies to the conduct of Hancock and its representatives; the question of whether the conduct of Hancock and its representatives met the applicable standard of care; and the question whether Carter's alleged reliance on Hancock and its representatives was reasonable, are all questions that must be answered on a more fully-developed record.  These are questions of state law (and mixed questions of law and fact) on which the plaintiffs are entitled to the benefit of the doubt at this juncture.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).  For the purpose of deciding whether there has been a fraudulent joinder, Carter's allegations must be accepted as true; she must be granted all reasonable inferences in favor of her theory of recovery; and any doubtful issues of state law must be resolved in her favor.

Without venturing any opinion on the merits of Carter's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Hancock and Metropolitan have failed to establish that Carter has no viable legal theory upon which she may proceed against Hancock under her version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge